1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6

7  PATRICK DANNACHER,                    Case No.  24-mc-80066-JSC

8              Applicant,

9        v.                              **ORDER ADOPTING REPORT AND**
                                         **RECOMMENDATION AND**
10 CLOUDFLARE, INC.,                     **GRANTING APPLICATION**

                                         Re: Dkt. No. 9
11             Respondent.

12

13        Applicant Patrick Dannacher seeks an order permitting him to serve targeted discovery on

14 Respondent Cloudflare, Inc. ("Cloudflare") pursuant to 28 U.S.C. § 1782.  (Dkt. No. 1.)[1]  Pending

15 before the Court is Judge Kim's report and recommendation to grant Applicant's ex parte

16 application.  (Dkt. No. 9.)  Upon consideration of the application and legal authority, the Court

17 ADOPTS Judge Kim's report and recommendation and GRANTS Applicant leave to serve

18 targeted discovery on Cloudflare.

19                              **BACKGROUND**

20        Applicant is a Swiss citizen residing in Dubai, UAE, who received a series of emails from

21 an unknown source demanding payment to deactivate a website accusing him of money

22 laundering.  (Dkt. No. 1 at 5, 2.)  James Khanchandani, Applicant's business associate, received an

23 email threatening to post a similar website targeting Khanchandani unless Applicant paid.  (*Id.* at

24 6; 39-40, Exhibit 7.)  Applicant's wife, Tutus Kurniatisari, also received an email threatening to

25 expose her as a "criminal husband wife."  (*Id.* at 7; 41-42, Exhibit 8.)

26

27

28 _____
   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
   ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

1    Applicant reported the extortion attempts to the Dubai legal authorities, and the local

2    police's E Crime Service opened a case.  (*Id*. at 7.)  By email and overnight courier, Applicant

3    requested Cloudflare—the network provider offering a reverse proxy, pass-through security

4    service for the subject website—deactivate the website.  (*Id.*; *see* Dkt. No. 1 at 43-74, Exhibits 9,

5    10.)  In response, Cloudflare disabled access to the website.  (Dkt. No. 1 at 76, Exhibit 11*; see*

6    Dkt. No. 1 at 24, Exhibit 2 Dannacher Declaration ("Dannacher Decl."), ¶ 13.)

7    Applicant now seeks the identifying information of the threat actor(s) who sent the emails

8    so that criminal charges may be brought against them in the UAE or wherever they reside.  (Dkt.

9    No. 1 at 7, 24.)  Specifically, Applicant seeks:

10   1.  Information related to the Cloudflare account(s) associated with the domain

11       "patrickdannacher.com," including account creation details, payment/billing

12       information, any contact details provided during the registration process for this

13       specific domain, and account access logs;

14   2.  Any and all records related to the usage of Cloudflare's services by the domain

15       owner, including but not limited to IP address of origin server for the site

16       "patrickdannacher.com," SSL/TLS certificates and DNS records associated

17       with the domain site "patrickdannacher.com"; and

18   3.  Any and all records, logs, and data related to network traffic to the domain

19       "patrickdannacher.com" or the website hosted behind Cloudflare's service for

20       this specific domain, including but not limited to traffic logs.

21   (*Id.* at 8.)

22   Because Cloudflare did not consent to magistrate jurisdiction, this matter was reassigned to

23   this Court.  (Dkt. Nos. 4 at 2; 9 at 1.)

24                          **LEGAL STANDARD**

25   The relevant statute provides, in pertinent part:

26       The district court of the district in which a person resides or is found
         may order him to give his testimony or statement or to produce a
27       document or other thing for use in a proceeding in a foreign or
         international tribunal, including criminal investigations conducted
28       before formal accusation.  The order may be made pursuant to a letter

1   rogatory issued, or request made, by a foreign or international tribunal
2   or upon the application of any interested person and may direct that
    the testimony or statement be given, or the document or other thing
    be produced, before a person appointed by the court.

3   28 U.S.C. § 1782(a).

4   To apply for discovery pursuant to § 1782, a formal proceeding in the foreign jurisdiction

5   need not be currently pending, or even imminent. *Intel Corp. v. Advanced Micro Devices, Inc.*,

6   542 U.S. 241, 258-59 (2004). Instead, all that is necessary is that a "dispositive ruling" by the

7   foreign adjudicative body is "within reasonable contemplation." *Id.* at 259 (holding discovery was

8   proper under § 1782 even though the applicant's complaint was still in the investigative stage).

9   The court retains wide discretion to grant discovery under § 1782. *See id.* at 260-61. "A

10  district court's discretion is to be exercised in view of the twin aims of § 1782: providing efficient

11  assistance to participants in international litigation and encouraging foreign countries by example

12  to provide similar assistance to our courts." *In re Request for Int'l Judicial Assistance from the*

13  *Nat'l Ct. Admin. of the Republic of Korea*, No. 15-80069, 2015 WL 1064790, at *2 (N.D. Cal.

14  Mar. 11, 2015) (citing *Schmitz v. Bernstein Libehard & Lifshitz, LLP*, 376 F.3d 79, 85 (2d Cir.

15  2004)) (cleaned up). In exercising its discretion, the court considers the following factors: (1)

16  whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2)

17  "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the

18  receptivity of the foreign government or the court or agency abroad to [United States] federal

19  court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign

20  proof-gathering restrictions or other policies of a foreign country or the United States"; and (4)

21  whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

22  The party seeking discovery need not establish the information sought would be

23  discoverable under the foreign court's law or that the United States would permit the discovery in

24  an analogous domestic proceeding to prove a United States court's assistance is admissible. *See*

25  *id.* at 247, 261-63. Unless the district court orders otherwise, the discovery authorized by the

26  court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. §

27  1782(a).

28

United States District Court
Northern District of California

3

**DISCUSSION**

### I.       Statutory Authority

Applicant's petition satisfies the minimum requirements of § 1782.  First, Cloudflare's offices are located in San Francisco, California, which is within the Northern District of California.  (Dkt. No. 1 at 2.)  Second, the requested discovery identifies a party for a reasonably contemplated criminal foreign proceeding in the UAE.  (*Id.* at 10.)  Criminal charges may be brought against the threat actor(s) for their extortion attempts under the UAE Anti-Rumors and Electronic Crimes Law No. 34 of 2021, which governs crimes of threats, electronic blackmail, and insults and defamation.  (*Id.* at 28, Exhibit 3, Alhamed Declaration ("Alhamed Decl."), ¶ 12.)  Third, a litigant in a foreign action qualifies as an "interested person" under § 1782.  *See Intel*, 542 U.S. at 256.  Applicant is an "interested person" because he wishes to initiate the contemplated proceedings against the threat actor(s) with the identifying information he seeks.  (Dkt. No. 1 at 10.)

The instant ex parte application is an acceptable method of requesting discovery under § 1782.  *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received, and appropriate action taken with respect thereto ex parte.").  Cloudflare may still raise objections and move to quash any discovery it opposes after the discovery order is issued.  *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-80048, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016) (finding avenues for opposing discovery are still available to mitigate any unfairness from accepting an ex parte application because orders granting § 1782 applications typically only provide discovery is authorized).

### II.      Court Discretion

Good cause exists to authorize the requested discovery.  *See Intel*, 542 U.S. at 260-261.  Because Cloudflare will not be a litigant in the contemplated proceedings, discovery regarding its records is unattainable absent § 1782(a) aid.  *See In Re: Request for Judicial Assistance From Oblonskyi District Court in Kyiv, Ukraine*, No. 20-80023, 2020 WL 571032, at *3 (N.D. February 5, 2020); (Dkt. No. 1 at 30, Alhamed Decl., ¶ 21.)

As to the second discretionary factor—the nature and receptivity of the foreign tribunal—

the open case with the E Crime Service at the Dubai Police Station in the UAE suggests the UAE is receptive to this Court's assistance. *See Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019) ("[I]n the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of [§] 1782, courts tend to err on the side of permitting discovery."); *compare with Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4 ("[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved."). This fact too suggests the request is not an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-265. According to Applicant, "[i]t is expected that the documents elicited from Cloudflare will be admissible in the contemplated proceedings against the [t]hreat [a]ctors and are not barred by any applicable law or local court rules," and "UAE litigation and local court rules allow for the submission of documentary evidence." (Dkt. No. 1 at 7; Alhamed Decl., ¶ 19, 20 (cleaned up)); *see Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *5 (finding applicant's statement it is unaware of any restrictions imposed by the foreign court sufficient to dismiss concerns about circumvention).

Finally, the requested information is not unduly burdensome or intrusive. In a status report to the Court, Applicant represented "(1) Cloudflare will not object to service of the subpoena requested by Applicant; and (2) Cloudflare, without waiving any objections at this point, intends to comply with the subpoena after it has been served." (Dkt. No. 12 at 1.) Cloudflare indicated no concerns about undue burden or intrusiveness beyond simply lacking some information. (*Id.* at 2 ("Cloudflare likely has some, but not all, of the information requested in the [s]ubpoena").) Because Cloudflare has agreed to comply with the subpoena, the discovery request is not unduly burdensome or intrusive.

## CONCLUSION

Applicant's ex parte petition satisfies the minimum statutory requirements. Discovery of Cloudflare's records is unattainable without § 1782 aid because Cloudflare will not be a party to the contemplated proceedings. There is no indication the foreign tribunal would be unreceptive to

United States District Court
Northern District of California

United States federal court judicial assistance, nor is there reason to believe Applicant's request is an attempt to circumvent foreign and domestic proof-gathering laws and procedures.  Cloudflare's statement that it will cooperate indicates the discovery request poses no undue burden or intrusiveness.  Therefore, the Court ADOPTS Judge Kim's report and recommendation and GRANTS Applicant leave to serve the proposed subpoena on Cloudflare.

This Order disposes of Docket No. 9.

**IT IS SO ORDERED.**

Dated: July 10, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

6